Matter of Rial (Commissioner of Labor) (2023 NY Slip Op 03528)

Matter of Rial (Commissioner of Labor)

2023 NY Slip Op 03528

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

535859
[*1]In the Matter of the Claim of Mohamed Rial, Appellant. Commissioner of Labor, Respondent.

Calendar Date:May 26, 2023

Before:Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Mohamed Rial, Troy, appellant pro se.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 25, 2022, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.
Claimant, who was hired as an assistant cheesemaker in 2017, quit his employment in February 2021 because his hours had recently been reduced to less than 35 hours per week. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause. Claimant appeals.
We affirm. "Whether a claimant has good cause to leave his or her employment is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence" (Matter of Persaud [Commissioner of Labor], 109 AD3d 1074, 1075 [3d Dept 2013] [internal quotation marks, brackets and citations omitted]; see Matter of Lee [Commissioner of Labor], 190 AD3d 1170, 1172 [3d Dept 2021]). There is no dispute that claimant's work schedule varied and that he did not have a consistent number of hours that he worked each week. The employer testified that claimant's work began at 7:30 a.m. and would continue until the work was done for the day and he was told he could go home. Although claimant attributed the recent reduction in hours as the reason he left his employment, the record reflects that, even before 2021, there were periods when claimant worked less than 35 hours per week. Claimant acknowledged that he never expressed dissatisfaction with the varying work schedule or requested additional work before leaving his employment. As dissatisfaction with one's hours does not generally constitute good cause for leaving one's employment, substantial evidence supports the Board's decision that, under these circumstances, claimant voluntarily left his employment without good cause and was therefore disqualified from receiving unemployment insurance benefits (see Matter of Smith [Commissioner of Labor], 54 AD3d 462, 462 [3d Dept 2008]; Matter of Ubl [Commissioner of Labor], 45 AD3d 1021, 1022 [3d Dept 2007]; Matter of Benyoussef [Commissioner of Labor], 23 AD3d 902, 902 [3d Dept 2005]).
Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.